```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
RESCAP LIQUIDATING TRUST,                                  :
                                       Plaintiff,          :
                                                           :      15-CV-1902 (JPO)
                 -v-                                       :
                                                           :      OPINION AND ORDER
MORTGAGE INVESTORS GROUP, INC;                             :
MORTGAGE INVESTORS GROUP, a general                        :
partnership; and AMERICAN REAL ESTATE                      :
CORPORATION,                                               :
                                       Defendants.         :
------------------------------------------------------------ X
```

J. PAUL OETKEN, District Judge:

Plaintiff ResCap Liquidating Trust ("ResCap") filed this adversary proceeding against Mortgage Investors Group, Inc. ("MIG Inc.") in the Bankruptcy Court in the Southern District of New York on May 13, 2014. *Rescap Liquidating Trust v. Mortg. Inv'r Grp., Inc. et al*, No. 14-ap-2004, ECF No. 1 (Bankr. S.D.N.Y.). On January 9, 2015, ResCap filed an Amended Complaint, which added Mortgage Investors Group, a general partnership ("MIG Partnership"), and American Real Estate Corporation ("AREC"), as defendants. *Id.* at ECF No. 36. MIG Partnership now moves to withdraw the reference to the bankruptcy court and to transfer venue to the United States District Court for the District of Minnesota. (Dkt. No. 1.) For the reasons that follow, the motion to withdraw the reference and the motion to transfer are denied.

**I.     Background**

ResCap is the successor to Residential Funding Company, LLC ("RFC"), a limited liability company that specialized in the purchase and resale of mortgage loans. Prior to 2012, RFC bought mortgage loans from a number of mortgage originators, including MIG Inc. RFC then resold the loans to whole-loan purchasers or pooled them with other loans for sale into residential mortgage-backed security trusts.

After many of the loans defaulted, RFC and fifty affiliates filed Chapter 11 bankruptcy petitions in the Bankruptcy Court for the Southern District of New York. *In re Residential Capital LLC*, No. 12-bk-12020, ECF No. 1 (Bankr. S.D.N.Y.). Judge Glenn has jointly administered those bankruptcy cases since May 14, 2012. *Id.* On December 11, 2013, Judge Glenn confirmed a Global Settlement and a Chapter 11 liquidation plan, which established ResCap as successor to RFC. *Id.* at ECF No. 6065.

Two days after Judge Glenn approved the Global Settlement, ResCap filed a breach of contract and indemnification suit against MIG Inc. in the United States District Court for the District of Minnesota.[1] *Residential Funding Co., LLC v. Mortg. Inv'r Grp., Inc.*, No. 13-cv-3494, ECF No. 1 (D. Minn. Dec. 13, 2013). That suit, one of dozens that ResCap filed against mortgage originators, alleged that provisions in ResCap's contracts with MIG Inc. protected ResCap from liability and losses associated with the underlying mortgage loans. *Id.* at ¶¶ 63, 69-70. On February 28, 2014, after the District of Minnesota court denied its motion to transfer the case, ResCap voluntarily dismissed the action against MIG Inc. *Residential Funding*, No. 13-cv-3494, ECF No. 11. ResCap thereafter re-filed the suit as an adversary proceeding in the Bankruptcy Court for this district. *Rescap Liquidating Trust v. Mortg. Inv'r Grp., Inc. et al*, No. 14-ap-2004, ECF No. 1 (Bankr. S.D.N.Y.).

Since May 2014, Judge Glenn has adjudicated this action in coordination with several similar suits involving RFC's mortgage loan contracts. *See In re ResCap Liquidating Trust Mortg. Purchase Litig.*, No. 14-ap-7900 (Bankr. S.D.N.Y.). Defendants in a number of those

---

[1] The action against MIG Inc. in the District of Minnesota was brought in the name of RFC. *Residential Funding Co., LLC v. Mortg. Inv'r Grp., Inc.*, No. 13-cv-3494, ECF No. 1 (D. Minn. Dec. 13, 2013). For clarity, this Opinion and Order refers to suits involving RFC that were initiated after the December 2013 Global Settlement as actions brought by ResCap, RFC's successor.

cases have moved to withdraw the reference to the bankruptcy court. *E.g.*, *Residential Funding Co. LLC v. Greenpoint Mortg. Funding Inc.*, No 14-cv-5452, ECF No. 1 (S.D.N.Y. July 18, 2014); *ResCap Liquidating Trust v. Primary Capital Advisors LLC*, No. 14-cv-5224, ECF No. 1 (S.D.N.Y. July 14, 2014); *ResCap Liquidating Trust v. RBC Mortg. Co.*, No. 14-cv-4457, ECF.No. 1 (S.D.N.Y. June 19, 2014). Judges Abrams, Castel, and Daniels have each denied these motions. *Residential Funding Co. LLC v. UBS Real Estate Sec. Inc.*, No 14-cv-03039, 2015 WL 1062264 (S.D.N.Y. Mar. 6, 2015); *Residential Funding Co. v. Suntrust Mortg., Inc.* (*In re Residential Capital, LLC*), No. 14-cv-6015, 2015 WL 739829 (S.D.N.Y. Feb. 20, 2015); *Residential Funding Co. v. Greenpoint Mortg. Funding, Inc.* (*In re Residential Capital, LLC*), No. 14-cv-5452, 519 B.R. 593 (S.D.N.Y. 2014). *But see ResCap Liquidation Trust v. First Mariner Bank*, No. 14-cv-5064, ECF No. 25 (S.D.N.Y. Jan. 8, 2015).

As a result, three cases involving RFC's loan contracts remain before Judge Glenn, who has consolidated motion practice and established a brisk case management plan.[2] On January 7, 2015, Judge Glenn granted ResCap's motion to amend the complaint to add MIG Partnership and AREC as defendants. *Rescap Liquidating Trust*, No. 14-ap-2004, ECF No. 35. On February 3, 2015, Judge Glenn denied in part defendants' joint omnibus motion to dismiss. *In re ResCap Liquidating Trust Mortg. Purchase Litig.*, 524 B.R. 563 (Bankr. S.D.N.Y. 2015). MIG Partnership filed the instant motion just over one month later. (Dkt. No. 1.)

---

[2] A fourth motion to withdraw the reference to bankruptcy court in a ResCap contract dispute is currently pending before Judge Gardephe. *ResCap Liquidating Trust v. Summit Fin. Mortg. LLC et al*, No. 14-cv-5453 (S.D.N.Y. July 18, 2014). If that motion is denied, five ResCap contract cases, including this one, will proceed before Judge Glenn.

**II.    Legal Standard**

District courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11" of the Bankruptcy Code. 28 U.S.C. § 1334(b). District courts may refer such proceedings to the bankruptcy courts for adjudication. *Id.* § 157(a). Once a matter is referred, bankruptcy courts have authority to enter final judgments in matters that are "core" to the bankruptcy proceeding.[3] *Id.* § 157(b)(1). If a matter is "non-core" but nonetheless related to a case arising under title 11, the bankruptcy court may "propose findings of fact and conclusions of law," which the district court reviews *de novo*. *Exec. Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165, 2172 (2014) (citing 28 U.S.C. § 157(c)(1)).

Cases referred to bankruptcy court may be withdrawn for cause. 28 U.S.C. § 157(d). Under Second Circuit precedent, district courts evaluating motions to withdraw a reference to bankruptcy court undertake a two-part inquiry. *See Orion Pictures Corp. v. Showtime Networks Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1101 (2d Cir. 1993). Courts first consider whether the claim at issue is "core" to the bankruptcy proceeding. *Id.* In general, "[a] proceeding that involves rights created by bankruptcy law, or that could arise only in a bankruptcy case, is a core proceeding." *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587, 591 (S.D.N.Y. 2012) (citing *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108-09 (2d Cir. 2006)). The conclusion that a matter is "non-core" supports but does not require withdrawal. *Id.* at 593 ("While the non-core nature of [Plaintiff's] claims weighs in favor of

---

[3] In *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the Supreme Court held that bankruptcy courts "lacked the constitutional authority to enter . . . final judgment[s]" on certain state law counterclaims that the Bankruptcy Amendments and Federal Judgeship Act of 1984 had designated as "core" proceedings. *Id.* at 2620. After *Stern,* courts assess not only whether a matter is classified as "core" by statute, but also whether final judgment by a bankruptcy court would violate Article III of the Constitution. *Exec. Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165, 2173 (2014) ("*Stern* made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court . . . .").

withdrawing the reference from the bankruptcy court, the core/non-core determination does not end the inquiry.").

After making the "core/non-core" determination, courts then weigh whether withdrawal is prudent.  *Orion*, 4 F.3d at 1101.  Relevant factors include the "efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, [and] the prevention of forum shopping."  *Id*.  Ultimately, the guiding concern in the *Orion* inquiry is efficient and uniform judicial administration.

**III.   Discussion**

MIG Partnership asserts that this action is non-core and that the *Orion* factors necessitate withdrawal of the reference.[4]  (Dkt. No. 3 ("Def. Motion") at 4, 7.)  The Court agrees that ResCap's breach of contract and indemnification claims are not core to the bankruptcy proceeding.  ResCap's suit against MIG Partnership does not arise under the Bankruptcy Code, nor "could [it] arise only in a bankruptcy case."  *MBNA Am. Bank*, 436 F.3d at 109; *see also Suntrust*, 2015 WL 739829, at *7 ("[T]he Court finds, as have numerous other judges on this court, that RFC's claims are 'non-core'"); *Greenpoint*, 519 B.R. at 602 ("The three district judges who have adjudicated a motion to withdraw the reference have each concluded that RFC's . . . claims against different [mortgage loan] originators are non-core.").  The non-core nature of this matter advances the argument for withdrawal.

---

[4] While MIG Partnership states in its Motion that this action "bears no relation to [the] . . . Chapter 11 Plan," it does not explicitly assert that the bankruptcy court lacks jurisdiction under the "related" cases provision of the Bankruptcy Code.  28 U.S.C. § 157(c)(1).  The Court concurs with other courts in this district that have concluded that the bankruptcy court has jurisdiction over ResCap's contract claims.  *E.g. Suntrust*, 2015 WL 739829, at *3 ("[T]his case is at least 'related to' RFC's pending bankruptcy case . . . ."); *Greenpoint*, 519 B.R. at 600 ("[T]his Court concludes that the bankruptcy court has "related to" jurisdiction over RFC's claims.").  This Court has federal question jurisdiction under 28 U.S.C. § 1334.

However, the remaining *Orion* factors support denial of the motion to withdraw. Concerns about forum shopping and uniform bankruptcy administration favor neither party given that ResCap's contract claims are already split between jurisdictions and both parties have sought to litigate in a favorable forum. In terms of efficiency, the Court finds persuasive the analysis by Judges Abrams, Castel, and Daniels in nearly identical ResCap cases. *See UBS Real Estate*, 2015 WL 1062264, at *4-6; *Suntrust*, 2015 WL 739829, at *7-8; *Greenpoint*, 519 B.R. at 603-06. In February 2015, Judge Abrams concluded that keeping ResCap's contract claims in bankruptcy court "conserves judicial resources and promotes judicial economy." *Suntrust*, 2015 WL 739829, at *8. In March, Judge Daniels noted that Judge Glenn "has great expertise over the facts" and has established a case management plan that "negates th[e] delay and . . . costs" associated with non-final adjudication in bankruptcy court. *UBS Real Estate*, 2015 WL 1062264, at *4-5. These considerations are amplified today, more than six months further into Judge Glenn's administration of the ResCap cases.

**IV.    Conclusion**

Having considered each of the *Orion* factors, the Court determines that this non-core claim should remain before Judge Glenn. Accordingly, the motion to withdraw the reference to the bankruptcy court is DENIED. Because the motion to withdraw is denied, the motion to transfer is also DENIED without prejudice. *See Adelphia Commc'ns Corp. v. Thomson, Inc.*, No. 10-cv-4464, 2010 WL 3000169, at *5 (S.D.N.Y. July 22, 2010) ("Because the Court declines to withdraw the reference to the Bankruptcy Court, it also denies [the] motion to transfer the case."); *McHale v. Citibank, N.A.*, No. 09-cv-6064, 2009 WL 2599749, at *8 (S.D.N.Y. Aug. 24, 2009) ("Because I decline to withdraw the reference to the bankruptcy court, I also deny [the] motion to transfer the case . . . .").

The Clerk of Court is instructed to close the motion at Docket Number 1 and to close this matter.

SO ORDERED.

Dated: September 11, 2015
    New York, New York

_____
J. PAUL OETKEN
United States District Judge